**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action

BENJAMIN WALKER; ANDRE VIGIL; KIM
SHATTEEN; CHARLOTTE VIGIL; DONICA
PLETKA; RANDY FAUST; GREGORY
LEVOS; MARILYN FAUST; BRITTANY
BOHN; JENISA PLETKA; CLEA JAMERSON;
VICTORIA JAMERSON; VAN WILSON;
LORRAINE SMITH; MELONIE WILSON;
BRYAN HYLANDS, individually and as parent
and natural guardian of S.H.; JANET SAN
LUIS; CYE JAMERSON; INNE PETTEWAY,
individually and as parent and natural guardian
of A.T. AND S.T.; RANDOLPH BAILEY;
CINDY HYLANDS; TEODORO SAN LUIS;
RENEE MORRIS; BLAKE HALL; JAI TODD;
DENNIS GOETTL; ZACHARY WILSON;
VAN WILSON JR.; LINDSEY HOY; LENORA
ROWLEY, individaully and as parent and
natural guardian of A.R.1 AND A.R.2.;
CHRISTY ROBBINS; JOHNNY LOPEZ;
JULIE LOPEZ; GERLINDE KIRSCHBAUM;
DAVID KIRSCHBAUM; TABITHA
IVERSEN; JOHN IVERSEN; ESTELLE ASHE,
inidividually and as parent and natural guardian
of N.J. AND D.B.;  JAMES ASHE; CORWIN
MASK; JAMES ASHE JR.; CLARA MASK;
PAIGE WILSON; MARY MARTINEZ;
MICHELLE GUTIERREZ, individually and as
parent and natural guardian of E.G., Y.G., S.G.,
AND O.G.; TERRY HAHN; RAYCE
VALENTINE; ANTONIO GUTIERREZ;

1

THALIA GUTIERREZ; STEVEN TRUJILLO;
JASON HENKE; JANET TRUJILLO; STEVEN
TRUJILLO JR; DALLAS TRUJILLO;
JEANNIE FREDERICK; DENNIS
FLANAGAN; PATRICIA BROST; ROY
MASS; GENEVIEVE CROCKETT,
INDIVIDUALLY AND AS PARENT AND
NATURAL GUARDIAN OF A.W.; ANDREW
WALKER; ALEENA CROCKETT; ALEXIS
CROCKETT; RANDY NICKELL; KATHRYN
NICKELL; JILLIAN DONAHUE,
INDIVIDUALLY AND AS PARENT AND
NATURAL GUARDIAN OF C.D. AND M.D.;
JEANETTE ROBERTS, individually and as
parent and natural guardian of C.R. AND L.R.;
THOMAS ROBERTS; CHARLENE PERKINS;
MARK PERKINS; XAVIER PERKINS;
TERRY CRUIKSHANK; PHYLLIS
CRUIKSHANK, individually and as parent and
natural guardian of A.S.; PATTI WEEKLEY;
RICHARD BUCKLEW; JOSHUA WARNE;
TROY WARNE; MICHAEL DUNZ; CHARLA
PINO, INDIVIDUALLY AND AS PARENT
AND NATURAL GUARDIAN OF D.A., J.A.,
AND M.A.; DAMON THAYER; NICOLE
BACHMAN, as parent and natural guardian of
A.B.; AMANDA BAINBRIDGE, as parent and
natural guardian of Z.C.; LISA DAIGNEAULT;
BRIAN GABLE; BRADY MCPEAK; DALE
MARSHALL; ANDREA STRANG; STEPHEN
OTTE; DANA OTTE; LISA PRINDLE,
individually and as parent and natural guardian
of M.P.; MARK ARNETTE; ANTHONY
ROWLEY; RANDALL PRINDLE; NANCY
PORTILLO, individually and as parent and
natural guardian of A.M., M.P., AND K.P.;

2

JEFFERY ROBERTS; MILTON PORTILLO;
VICTOR CRUZ JR.; JUANITA GAMBLE;
JENNIFER VIEN; ELIZABETH BROWN;
GARY BROWN; ROY MILLER; KELII APO;
LASHELE WARREN, individually and as
parent and natural guardian of A.M.W. AND
B.M.W.; KEVIN MORRIS, individually and as
parent and natural guardian of T.M.1, T.M.2,
T.M.3, AND T.H.; BRIDGETTE
HERNANDEZ; DEBBIE HABERKOM;
MISTY SABO, individually and as parent and
natural guardian of D.S., S.S., AND T.S.;
PASCUALA ABALOS; ELDON THOMAS,
INDIVIDUALLY AND AS PARENT AND
NATURAL GUARDIAN OF E.T. AND A.T.;
PIER KEEFER; JESSICA THOMAS;
KRISTINA ROBERTSON; SHERI JORDAN;
TIFFANY WARD; BRYAN WARD; MIRIAM
ROTH BALLARD individually and as parent
and natural guardian of Q.B. AND R.B.;
MICHELLE NEAL; LOIS MCLEOD; KELLY
FREDERICK; STEVEN ROLLINS;
VERONICA RIVERA; JAMES HABERKOM;
LYDIA NEAL; LARRY NEAL; TRINA
LARSON; CHRISTINE FLORES; SUSAN
PAYMENT; PATRICIA HISER; KENNETH
HISER; MICHAEL LENOARD; LISA
WILSON, individually and as parent and natural
guardian of L.W., G.P., AND M.W.; DAVID
LARSON; HAILEY BROUSE; ORREN
WESCOTT; CHERYL ALMEIDA; AMY
CHRISTENSEN; BRANDEN CHRISTENSEN;
and JAQUELINE PENA HOLGUIN,

*Plaintiffs*,

v.

THE 3M COMPANY, f/k/a Minnesota Mining
and Manufacturing, Co.; TYCO FIRE
PRODUCTS, L.P., successor in interest to THE
ANSUL COMPANY; BUCKEYE FIRE
EQUIPMENT CO.; CHEMGUARD;
NATIONAL FOAM, INC.; KIDDE FIRE
FIGHTING, INC., f/k/a CHUBB NATIONAL
FOAM, INC., f/k/a NATIONAL FOAM, INC.,
individually and as successor in interest to
NATIONAL FOAM, INC.; KIDDE PLC, INC.,
f/k/a WILLIAMS US INC., f/k/a WILLIAMS
HOLDINGS, INC.,  individually and as
successor in interest to NATIONAL FOAM,
INC.; KIDDE-FENWAL, INC., individually and
as successor in interest to NATIONAL FOAM,
INC.; and UTC FIRE & SECURITY
AMERICAS CORPORATION, INC., f/k/a GE
INTERLOGIX, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.;

*Defendants.*

---

## COMPLAINT AND JURY DEMAND

---

Plaintiffs, Benjamin Walker; Andre Vigil; Kim Shatteen; Charlotte Vigil; Donica Pletka; Randy
Faust; Gregory Levos; Marilyn Faust; Brittany Bohn; Jenisa Pletka; Clea Jamerson; Victoria
Jamerson; Van Wilson; Lorraine Smith; Melonie Wilson; Bryan Hylands, individually and as
parent and natural guardian of S.H.; Janet San Luis; Cye Jamerson; Inne Petteway, individually
and as parent and natural guardian of A.T. and S.T.; Randolph Bailey; Cindy Hylands; Teodoro
San Luis; Renee Morris; Blake Hall; Jai Todd; Dennis Goettl; Zachary Wilson; Van Wilson Jr.;
Lindsey Hoy; Lenora Rowley, individaully and as parent and natural guardian of A.R.1 and A.R.2.;
Christy Robbins; Johnny Lopez; Julie Lopez; Gerlinde Kirschbaum; David Kirschbaum; Tabitha
Iversen; John Iversen; Estelle Ashe, inidividually and as parent and natural guardian of N.J. and

D.B.; James Ashe; Corwin Mask; James Ashe Jr.; Clara Mask; Paige Wilson; Mary Martinez; Michelle Gutierrez, individually and as parent and natural guardian of E.G., Y.G., S.G., and O.G.; Terry Hahn; Rayce Valentine; Antonio Gutierrez; Thalia Gutierrez; Steven Trujillo; Jason Henke; Janet Trujillo; Steven Trujillo Jr; Dallas Trujillo; Jeannie Frederick; Dennis Flanagan; Patricia Brost; Roy Mass; Genevieve Crockett, individually and as parent and natural guardian of A.W.; Andrew Walker; Aleena Crockett; Alexis Crockett; Randy Nickell; Kathryn Nickell; Jillian Donahue, individually and as parent and natural guardian of C.D. and M.D.; Jeanette Roberts, individually and as parent and natural guardian of C.R. and L.R.; Thomas Roberts; Charlene Perkins; Mark Perkins; Xavier Perkins; Terry Cruikshank; Phyllis Cruikshank, individually and as parent and natural guardian of A.S.; Patti Weekley; Richard Bucklew; Joshua Warne; Troy Warne; Michael Dunz; Charla Pino, individually and as parent and natural guardian of D.A., J.A., and M.A.; Damon Thayer; Nicole Bachman, as parent and natural guardian of A.B.; Amanda Bainbridge, as parent and natural guardian of Z.C.; Lisa Daigneault; Brian Gable; Brady McPeak; Dale Marshall; Andrea Strang; Stephen Otte; Dana Otte; Lisa Prindle, individually and as parent and natural guardian of M.P.; Mark Arnette; Anthony Rowley; Randall Prindle; Nancy Portillo, individually and as parent and natural guardian of A.M., M.P., and K.P.; Jeffery Roberts; Milton Portillo; Victor Cruz Jr.; Juanita Gamble; Jennifer Vien; Elizabeth Brown; Gary Brown; Roy Miller; Kelii Apo; Lashele Warren, individually and as parent and natural guardian of A.M.W. and B.M.W.; Kevin Morris, individually and as parent and natural guardian of T.M.1, T.M.2, T.M.3, and T.H.; Bridgette Hernandez; Debbie Haberkom; Misty Sabo, individually and as parent and natural guardian of D.S., S.S., and T.S.; Pascuala Abalos; Eldon Thomas, individually and as parent and natural guardian of E.T. and A.T.; Pier Keefer; Jessica Thomas; Kristina Robertson; Sheri Jordan; Tiffany Ward; Bryan Ward; Miriam Roth Ballard individually and as parent and natural guardian of Q.B. and R.B.; Michelle Neal; Lois McLeod; Kelly Frederick; Steven Rollins; Veronica Rivera; James Haberkom; Lydia Neal; Larry Neal; Trina Larson; Christine Flores; Susan Payment; Patricia Hiser; Kenneth Hiser; Michael Lenoard; Lisa Wilson, individually and as parent and natural guardian of L.W., G.P., and M.W.; David Larson; Hailey Brouse; Orren Wescott; Cheryl Almeida; Amy Christensen; Branden Christensen; and Jaqueline Pena Holguin; by and through their undersigned counsel, hereby file this Complaint and Jury Demand ("Complaint") against Defendants, THE 3M COMPANY, f/k/a Minnesota Mining and Manufacturing, Co.; TYCO FIRE PRODUCTS L.P.; successor in interest to THE ANSUL COMPANY; BUCKEYE FIRE PROTECTION CO.; CHEMGAURD; NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOA, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; and UTC FIRE & SECURITY AMERICAS CORPORATION,

5

INC., f/k/a GE INTERLOGIX, INC.; (collectively "Defendants"). Plaintiffs assert personal injury and/or property damage as a result of the contamination of the drinking water supply serving the Cities of Security, Widefield, and parts of Colorado Springs, and complain and allege on personal knowledge as to themselves, and on information and belief as to all other matters, as follows:

## INTRODUCTION

1.     The communities of Fountain, Security, Widefield, parts of Colorado Springs (collectively the "Communities") are all located in El Paso County, Colorado. This complaint is a related action to *Bell, et al., v. The 3M Company, et al*., 16-cv-2351-RBJ.

2.     The Communities are located in close proximity to and downgradient of Peterson Air Force Base and the Colorado Springs Municipal Airport, which share one property.

3.     The United States Air Force ("USAF") provided firefighting services to the Colorado Springs Municipal Airport, owned by the City of Colorado Springs through a joint use agreement. For purposes of this Complaint, the property of Peterson Air Force Base shall include the property of the Colorado Springs Municipal Airport and shall collectively be referred to as "PAFB."

4.     Residents of the Communities receive their potable water either from private wells or from their municipal water provider.

5.     The Communities receive municipal drinking water from the City of Fountain Utilities Department, the Security Water and Sanitation District, and the Widefield Water and Sanitation District.

6.     The Security Water and Sanitation District provides drinking water to approximately 19,000 residential and business customers.

6

7.     The City of Fountain Utilities Department provides drinking water to approximately 29,000 residential and business customers.

8.     The Widefield Water and Sanitation District provides drinking water to approximately 16,000 residential and business customers.

9.     On May 2, 2012, the United States Environmental Protection Agency ("USEPA") published its Third Unregulated Contaminant Monitoring Rule ("UCMR3"), requiring public water systems nationwide to monitor for thirty (30) contaminants of concern between 2013 and 2015.

10.     As part of the UCMR3, public water systems are required to sample for six perfluorinated compounds ("PFCs"), including perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonate ("PFOS").

11.     In October 2015, the USEPA released results from UCMR3 that indicated the Communities' water supplies were contaminated with PFOA and PFOS.

12.     Prior to the disclosure of the UCMR3 data, there was no notification to the residents of the Communities that the water was contaminated with PFOA and PFOS.

13.     In May 2016, the USEPA established a drinking water health advisory level for PFOA and PFOS and warned that lifetime exposure to PFOA and PFOS over 70 parts per trillion ("ppt") was linked to the development of numerous serious medical conditions.

14.     In response to the USEPA's establishment of the 70 ppt health advisory level, the Communities' municipal water providers notified the residents in the Communities of the contamination and took action to reduce the PFOA and PFOS levels in the drinking water,

7

including shutting down wells, obtaining and/or purchasing alternative sources of water, and blending clean water with the contaminated water to lower the PFC level in their customers' water.

15.     It was in this same month that Plaintiffs were first made aware that their drinking water was contaminated with PFCs at hazardous levels and were advised to seek alternate drinking water supplies.

16.     Among the 63 areas nationwide where the USEPA found PFOA and PFOS exceeding the 70 ppt limit, federal data shows that the Communities exhibit some of the highest levels of contamination.[1]

17.     By this time, local newspapers were reporting that federal data showed that the water in all 32 of the Security Water and Sanitation District's municipal wells exhibited PFC contamination at levels exceeding the EPA health advisory limit of 70 ppt. At one well, PFC concentration reached 1,370 ppt, nearly 20 times in excess of the EPA health advisory.[2]

18.     EPA officials recommended that pregnant women and small children should not drink local water serving the Communities.[3]

19.     Subsequent investigations into the contamination were carried out by the United States Army Corps of Engineers on behalf of the USAF and the Colorado Department of Public

---

[1] Bruce Finley, *Drinking water in three Colorado cities contaminated with toxic chemicals above EPA limits*, DENVER POST, (June 15, 2016 4:08 PM),
http://www.denverpost.com/2016/06/15/colorado-widefield-fountain-security-water-chemicals-toxic-epa/.
[2] *Id.*
[3] *Id.*

Health & Environment ("CDPHE") and have uncovered widespread PFC contamination of the groundwater resources for the Communities.[4]

20.     These investigations also concluded that the basis for this widespread contamination of the Communities' ground water is decades of use, storage, and disposal of aqueous film-forming foam ("AFFF") at PAFB that contained PFOA and PFOS.

21.     The CDPHE horizontally delineated the PFC plumes, designating these plumes as "Areas of Investigation" ("CDPHE Areas of Investigation").

22.     Defendants manufactured, sold, and distributed AFFF to PAFB despite their awareness that the inclusion of PFOA and PFOS in AFFF presented an unreasonable risk to human health and the environment and was inherently dangerous.

23.     The Defendants also knew that both PFOA and PFOS were highly soluble and mobile in water, highly likely to contaminate water supplies, highly persistent in the environment, and known to bio-accumulate in humans and contribute to the development of numerous serious health conditions, especially for sensitive receptors such as young children and pregnant and nursing women.

24.     The Defendants marketed and sold their products with knowledge that the USAF and PAFB would use large quantities of AFFF containing PFOA and PFOS in training operations

---

[4] Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base El Paso County, Colorado, U.S. Army Corps of Engineers (November 2016), http://www.peterson.af.mil/Portals/15/documents/Public%20Notices/552503_Revised%20Final%20Peterson%20AFB%20PA_11_2016.pdf?ver=2017-05-16-162140-693.

and in emergency fire-fighting situations in such a manner that PFOA and PFOS would contaminate the air, soil, and groundwater.

25.     The Defendants marketed and sold their products with knowledge that large quantities of AFFF containing PFOA and PFOS would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the air, soil, and groundwater.

26.     The Defendants failed in their duty to manufacture a product that would not cause widespread harm and in their duty to warn the United States Department of Defense ("DOD"), the USAF, PAFB, the municipal water providers, and the residents in the surrounding Communities of the inherently dangerous properties of their AFFF products.

27.     There are over 64,000 residents of the Communities who were exposed to PFOA and PFOS contaminated drinking water from the City of Fountain, the Security Water and Sanitation District, the Widefield Water and Sanitation District, and private wells, all of which obtain groundwater from the CDPHE Areas of Investigation.

28.     The Plaintiffs in this complaint are all residents of the cities of Security, Widefield, and of Colorado Springs, Colorado who, upon information and belief, were so exposed and/or own properties that were so exposed.

## Health Effects of PFOS and PFOA Exposure

29.     Many parties have studied PFOA and PFOS and have concluded that exposure to PFOA and PFOS is associated with the development of numerous serious medical conditions.

30.    PFOA, sometimes identified as C8 due to the common presence of eight carbons in the PFOA molecule, was the subject of a study formed out of a class action settlement arising out of water contamination from DuPont's Washington Works located in Wood County, West Virginia.

31.    The C8 Science Panel consisted of three epidemiologists specifically tasked with determining whether there was a link between PFOA exposure and human diseases.

32.    In 2012, the Panel found probable links between PFOA and kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

33.    In May 2015, based on concerns about the production and release of PFOA into the environment, scientists and other professionals from a variety of disciplines issued the "Madrid Statement on Poly- and Perfluoroalkyl Substances (PFASs)," a policy statement calling for greater regulation, restrictions, and limits on the manufacture and handling of any PFOA containing product, as well as the development of safe, non-fluorinated alternatives to these products to avoid long-term harm to human health and the environment.

34.    In May 2016, the USEPA issued Lifetime Health Advisories advising against lifetime PFOA and PFOS exposure above 70 ppt.

35.    The USEPA's 70 ppt limit is designed to protect the population at large from exposure to harmful concentrations of PFOA and PFOS in drinking water above which adverse health effects are anticipated to occur.

11

36.     According to the USEPA Lifetime Health Advisory, the non-cancer adverse health effects observed following exposure to PFOS are the same as those observed with PFOA.

37.     Many states, however, have issued lower regulatory limits. For example, Vermont has set a combined level of 20 ppt for PFOA and PFOS and New Jersey has set a maximum contaminant level of 14 ppt for PFOA.

38.     On November 10, 2017, California listed PFOA and PFOS as chemicals known to the state to cause reproductive toxicity, pursuant to Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986.

39.     Colorado currently follows the USEPA Lifetime Health Advisory level of 70 ppt for combined lifetime exposure to PFOA and PFOS.

40.     The CDPHE has acknowledged that the link between PFOA and PFOS exposure and developmental effects has been strengthening, including low birth weight and accelerated puberty. It has also acknowledged that some human studies show that increased exposure may increase the risk for changes in blood cholesterol, liver enzymes, and uric acid levels, which may be linked with an elevated risk of heart disease, liver disease or high blood pressure.[5]

### PLAINTIFFS' EXPOSURE AND DAMAGES

41.     Years of ingestion and dermal absorption of contaminated water from the Fountain, Security, and Widefield water districts have exposed unknowing residents of the Communities to PFCs at concentrations hazardous to their health.

---

[5] https://www.colorado.gov/pacific/cdphe/PFCs/health/advisory. (Last visited 4/11/18).

42.     Plaintiffs have been injured as a result of receiving water with elevated levels of PFCs, including PFOA and PFOS.

43.     Plaintiffs have suffered exposure, bioaccumulation of PFCs in their blood, personal injury and, in the cases of adult Plaintiffs, property damage due to PFC contamination of the municipal and private water supplies caused by Defendants' manufacture, distribution, and sale of AFFF.

44.     The properties of the adult Plaintiffs have been damaged due to the presence of PFCs in their homes, soil, surrounding property, and potable water supply.

45.     Plaintiffs seek recovery from all Defendants for injuries, damages, and losses suffered by the Plaintiffs, each of whom suffered property damage and/or injuries as a direct and proximate result of exposure to and consumption of PFC-contaminated water from the municipal and private drinking water supplies, in an amount to be determined at trial, exclusive of interest, costs, and attorneys' fees.

## JURISDICTION AND VENUE

46.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) in that this action is between citizens of different States.

47.     This Court has jurisdiction over Defendants pursuant to C.R.S.§ 13-1-124.

48.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District of Colorado and caused harm to Plaintiffs, all of whom reside in this District.

49.     Pursuant to 28 U.S.C. § 1332, a federal district court possesses original subject matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. *See Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000). The value of the case exceeds the jurisdictional threshold value of $75,000.00, exclusive of all interest and costs, taking into account the nature and extent of the injuries and damages sustained by each individual Plaintiff, and the reasonable economic and non-economic injuries and damages sustained by each individual Plaintiff.

## PARTIES

50.     Plaintiff Benjamin Walker at all relevant times hereto, was a citizen of the State of Colorado residing at 7203 Sullivan Circle, Colorado Springs, Colorado 80911.  As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 7203 Sullivan Circle, Colorado Springs, Colorado 80911, Benjamin Walker has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's. Plaintiff currently resides at 1025 Holli Springs, Apt. B, Colorado Springs, Colorado 80907.

51.     Plaintiff Andre Vigil is a resident of Colorado Springs, Colorado, who currently resides at 6590 Weeping Willow Drive, Colroado Springs, Colorado 80925. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Andre Vigil has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

14

52.     Plaintiff Kim Shatteen at all relevant times hereto, was a citizen of the State of Colorado owning and residing at 4552 Hennings Drive, Colorado Springs, Colorado 80911.  As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 4552 Hennings Drive, Colorado Springs, Colorado 80911, Kim Shatteen has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood and has been diagnosed with Preeclampsia. Plaintiff currently resides at 16285 Goldcreek Drive, Monument, Colorado 80132.

53.     Plaintiff Charlotte Vigil is a resident of Colorado Springs, Colorado, who currently resides at 6590 Weeping Willow Drive, Colroado Springs, Colorado 80925. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Charlotte Vigil has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

54.     Plaintiff Donica Pletka is a resident of Fountain, Colorado, who currently resides at 7698 Ronan Court, Fountain, Colorado 80817. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donica Pletka has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

55.     Plaintiff Randy Faust at all relevant times hereto, was a citizen of the State of Colorado residing at 2625 Spur Drive, Colorado Springs, CO 80911 from 1990 to 2005 and 3915 Oberding Drive, Colorado Springs, CO 80911 from 2005 to 2014.  As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 2625

Spur Drive, Colorado Springs, CO 80911 and 3915 Oberding Drive, Colorado Springs, CO 80911, Randy Faust has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood and has been diagnosed with High Cholesterol. Plaintiff currently resides at 4206 Morado Drive, Colorado Springs, Colorado 80911.

56.    Plaintiff Gregory Levos is a resident of Colorado Springs, Colorado, who currently resides at 4106 Morado Drive, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gregory Levos has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

57.    Plaintiff Marilyn Faust at all relevant times hereto, was a citizen of the State of Colorado residing at 2625 Spur Drive, Colorado Springs, CO 80911 from 1990 to 2005 and 3915 Oberding Drive, Colorado Springs, CO 80911 from 2005 to 2014.  As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 2625 Spur Drive, Colorado Springs, CO 80911 and 3915 Oberding Drive, Colorado Springs, CO 80911, Randy Faust has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. Plaintiff currently resides at 4206 Morado Drive, Colorado Springs, Colorado 80911.

58.    Plaintiff Brittany Bohn at all relevant times hereto, was a citizen of the State of Colorado residing at 7698 Ronan Court, Fountain, Colorado 80817.  As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 7698 Ronan Court, Fountain, Colorado 80817, Brittnay Bohn has elevated levels of PFOA, PFOS,

16

and/or PFCs in Plaintiff's blood. Plaintiff currently resides at 5289 Kaena Avenue, Wahiawa, Hawaii 96786.

59.    Plaintiff Jenisa Pletka at all relevant times hereto, was a citizen of the State of Colorado residing at 7698 Ronan Court, Fountain, Colorado 80817.  As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 7698 Ronan Court, Fountain, Colorado 80817, Jenisa Pletka has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. Plaintiff currently resides at 1200 West Pratt Boulevard, Apt. 217, Chicago, Illinois 60626.

60.    Plaintiff Clea Jamerson is a resident of Colorado Springs, Colorado, who currently resides at 3215 Pennsylvania Avenue, Colorado Springs, Colorado 80907. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Clea Jamerson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

61.    Plaintiff Victoria Jamerson is a resident of Colorado Springs, Colorado, who currently resides at 2907 Arcadia Street, Colorado Springs, Colorado 80907. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Victoria Jamerson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

62.    Plaintiff Van Wilson is a resident of Colorado Springs, Colorado, who currently resides at 4324 Bramble Lane, Colroado Springs, Colroado 80925. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Van Wilson

has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

63.    Plaintiff Lorraine Smith is a resident of Fountain, Colorado, who currently owns and resides at 1032 White Stone Way, Fountain, Colorado 80817. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lorraine Smith has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

64.    Plaintiff Melonie Wilson is a resident of Colorado Springs, Colorado, who currently resides at 4324 Bramble Lane, Colroado Springs, Colroado 80925. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Melonie Wilson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

65.    Plaintiff Bryan Hylands, individually and as parent and natural guardian of S.H., is a resident of Fountain, Colorado, who currently resides at 6909 Millbrook Circle, Fountain, Colorado 80817. The minor child is a resident of Fountain, CO.  As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bryan Hylands and S.H. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

66.    Plaintiff Janet San Luis at all relevant times hereto, was a citizen of the State of Colorado owning and residing at 217 Corliss, Colorado Springs, Colorado 80911.  As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply

at 217 Corliss, Colorado Springs, Colorado 80911, Janet San Luis has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. Plaintiff currently resides at 7822 Dutch Loop, Colorado Springs, Colorado 80925.

67.     Plaintiff Cye Jamerson is a resident of Colorado Springs, Colorado, who currently resides at 2907 Arcadia Street, Colorado Springs, Colorado 80907. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cye Jamerson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

68.     Plaintiff Inne Petteway, individually and as parent and natural guardian of A.T. and S.T., is a resident of Colorado Springs, Colorado, who currently resides at 7269 Littlefork Lane, Colorado Springs, Colorado 80925. The minor children A.T. and S.T are residents of Colorado Springs, Colorado.  As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, FULL NAME AND MINOR INITIALS have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

69.     Plaintiff Randolph Bailey is a resident of Colorado Springs, Colorado, who currently resides at 2105 Cortez Drive, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Randolph Bailey has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

70.    Plaintiff Cindy Hylands is a resident of Fountain, Colorado, who currently resides at 6909 Millbrook Circle, Fountain, Colorado 80817. The minor child is a resident of Fountain, CO.  As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cindy Hylands has elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

71.    Plaintiff Teodoro San Luis is a resident of Colorado Springs, Colorado, who currently resides at 7822 Dutch Loop, Colorado Springs, Colorado 80925.As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Teodoro San Luis has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

72.    Plaintiff Renee Morris is a resident of Colorado Springs, Colorado, who currently resides at 7269 Littlefork Lane, Colorado Springs, Colorado 80925.As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Renee Morris has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

73.    Plaintiff Blake Hall is a resident of Colorado Springs, Colorado, who currently resides at 7269 Littlefork Lane, Colorado Springs, Colorado 80925.As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Blake Hall has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

74.    Plaintiff Jai Todd is a resident of Colorado Springs, Colorado, who currently resides at 7269 Littlefork Lane, Colorado Springs, Colorado 80925.As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jai Todd has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

75.    Plaintiff Dennis Goettl is a resident of Colorado Springs, Colorado, who currently resides at 93 Esther Drive, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dennis Goettl has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

76.    Plaintiff Zachary Wilson is a resident of Colorado Springs, Colorado, who currently resides at 4324 Bramble Lane, Colroado Springs, Colroado 80925. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Zachary Wilson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

77.    Plaintiff Van Wilson Jr. is a resident of Colorado Springs, Colorado, who currently resides at 4324 Bramble Lane, Colroado Springs, Colroado 80925. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Van Wilson Jr. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

78.     Plaintiff Lindsey Hoy is a resident of Colorado Springs, Colorado, who currently resides at 711 Delaware Drive, Colorado Springs, Colorado 80909. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lindsey Hoy has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

79.     Plaintiff Lenora Rowley, individaully and as parent and natural guardian of A.R.1 and A.R.2., is a resident of Colorado Springs, Colorado, who currently resides at 335 Tinkam Court, Security, Colorado 80911. The minor children A.R.1 and A.R.2. are residents of Colorado Springs, Colorado. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lenora Rowley, A.R.1, and A.R.2 have elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

80.     Plaintiff Christy Robbins at all relevant times hereto, was a citizen of the State of Colorado residing at 7260 Goldfield Drive, Colorado Springs, Colorado 80911.  As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 7260 Goldfield Drive, Colorado Springs, Colorado 80911, Christy Robbins has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. Plaintiff currently resides at 2209 Cortez Drive, Colorado Springs, Colorado 80911.

81.     Plaintiff Johnny Lopez at all relevant times hereto, was a citizen of the State of Colorado residing at 509 Harvest Moon Road, Fountain, Colorado 80817.  As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 509

Harvest Moon Road, Fountain, Colorado 80817, Johnny Lopez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. Plaintiff currently resides at 1075 East Ohio Avenue, Fountain, Colorado 80817.

82.     Plaintiff Julie Lopez at all relevant times hereto, was a citizen of the State of Colorado residing at 509 Harvest Moon Road, Fountain, Colorado 80817.  As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 509 Harvest Moon Road, Fountain, Colorado 80817, Julie Lopez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. Plaintiff currently resides at 1075 East Ohio Avenue, Fountain, Colorado 80817.

83.     Plaintiff Gerlinde Kirschbaum is a resident of Fountain, Colorado, who currently owns and resides at 1545 Bonita Drive, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gerlinde Kirschbaum has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

84.     Plaintiff David Kirschbaum is a resident of Fountain, Colorado, who currently owns and resides at 1545 Bonita Drive, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gerlinde Kirschbaum has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

85.     Plaintiff Tabitha Iversen is a resident of Colorado Springs, Colorado, who currently resides at 2241 Bison Drive, Colorado Springs, Colorado 80911 As a result of Plaintiff's exposure

to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tabitha Iversen has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

86.     Plaintiff John Iversen is a resident of Colorado Springs, Colorado, who currently resides at 2241 Bison Drive, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tabitha Iversen has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

87.     Plaintiff Estelle Ashe, inidividually and as parent and natural guardian of N.J. and D.B., is a resident of Colorado Springs, Colorado, who currently resides at 73 McBurney Boulevard, Colorado Springs, Colorado 80911. The minor children N.J. and D.B. are residents of Colorado Springs, Colorado. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Estelle Ashe, N.J. and D.B. have elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

88.     Plaintiff James Ashe is a resident of Colorado Springs, Colorado, who currently resides at 73 McBurney Boulevard, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Ashe has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

89.     Plaintiff Corwin Mask is a resident of Colorado Springs, Colorado, who currently resides at 2241 Bison Drive, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Corwin Mask has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

90.     Plaintiff James Ashe Jr. is a resident of Colorado Springs, Colorado, who currently resides at 73 McBurney Boulevard, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Ashe Jr. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

91.     Plaintiff Clara Mask is a resident of Colorado Springs, Colorado, who currently resides at 2241 Bison Drive, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Clara Mask has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

92.     Plaintiff Paige Wilson at all relevant times hereto, was a citizen of the State of Colorado residing at 4324 Bramble Lane, Colorado Springs, Colorado 80925.  As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 4324 Bramble Lane, Colorado Springs, Colorado 80925, Paige Wilson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. Plaintiff currently resides at 13734 W 63rd Place, Apt. 306, Arvada, Colorado 80004.

25

93.    Plaintiff Mary Martinez is a resident of Colorado Springs, Colorado, who currently owns and resides at 415 Niegra Street, Colroado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Martinez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood and has been diagnosed with Kidney Cancer; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

94.    Plaintiff Michelle Gutierrez, individually and as parent and natural guardian of E.G., Y.G., S.G., and O.G., is a resident of Fountain, Colorado, who currently owns and resides at 1376 Ancestra Drive, Fountain, Colorado 80911. The minor children E.G., Y.G., S.G., and O.G. are residents of Fountain, CO.  As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Gutierrez, E.G., Y.G., S.G., and O.G. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

95.    Plaintiff Terry Hahn is a resident of Colorado Springs, Colorado, who currently resides at 3115 Glen Arm Road #18, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Terry Hahn has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

96.    Plaintiff Rayce Valentine is a resident of Colorado Springs, Colorado, who currently resides at 220 Grape Drive, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rayce

Valentine has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

97.    Plaintiff Antonio Gutierrez is a resident of Fountain, Colorado, who currently owns and resides at 1376 Ancestra Drive, Fountain, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Antonio Gutierrez has elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

98.    Plaintiff Thalia Gutierrez is a resident of Fountain, Colorado, who currently resides at 1376 Ancestra Drive, Fountain, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Thalia Gutierrez has elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

99.    Plaintiff Steven Trujillo is a resident of Colorado Springs, Colorado, who currently owns and resides at 2585 Bradley Circle, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Steven Trujillo has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

100.    Plaintiff Jason Henke at all relevant times hereto, was a citizen of the State of Colorado residing at 8313 Shadow Run Lane, Fountain, Colorado 80817.  As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 8313 Shadow Run Lane, Fountain, Colorado 80817, Jason Henke has elevated levels of PFOA, PFOS,

and/or PFCs in Plaintiff's blood. Plaintiff currently resides at 1175 South Marshall Street, Denver, Colorado 80232.

101.    Plaintiff Janet Trujillo is a resident of Colorado Springs, Colorado, who currently owns and resides at 2585 Bradley Circle, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Janet Trujillo has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

102.    Plaintiff Steven Trujillo Jr. is a resident of Colorado Springs, Colorado, who currently resides at 2585 Bradley Circle, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Steven Trujillo Jr. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

103.    Plaintiff Dallas Trujillo is a resident of Colorado Springs, Colorado, who currently resides at 2585 Bradley Circle, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dallas Trujillo has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

104.    Plaintiff Jeannie Frederick is a resident of Colorado Springs, Colorado, who currently resides at 5485 Espano Drive, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply,

Jeannie Frederick has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

105.    Plaintiff Dennis Flanagan is a resident of Fountain, Colorado, who currently resides at 8210 Oakton Court, Fountain, Colorado 80817. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dennis Flanagan has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

106.    Plaintiff Patricia Brost is a resident of Fountain, Colorado, who currently resides at 10715 Sunrise Road, Fountain, Colorado 80817. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patricia Brost has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

107.    Plaintiff Roy Mass is a resident of Fountain, Colorado, who currently resides at 9466 Millbrook Court, Fountain, Colorado 80817. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Roy Mass has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

108.    Plaintiff Genevieve Crockett, individually and as parent and natural guardian of A.W., is a resident of Colorado Springs, Colorado, who currently owns and resides at 7293 Dove Valley Place, Colorado Springs, Colorado. The minor child A.W. is a resident of Colorado Springs, Colorado. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the

29

drinking water supply, Genevieve Crockett and A.W. have elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

109.    Plaintiff Andrew Walker is a resident of Colorado Springs, Colorado, who currently owns and resides at 7293 Dove Valley Place, Colorado Springs, Colorado. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Andrew Walker has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

110.    Plaintiff Aleena Crockett is a resident of Colorado Springs, Colorado, who currently resides at 7293 Dove Valley Place, Colorado Springs, Colorado. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Aleena Crockett has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

111.    Plaintiff Alexis Crockett is a resident of Colorado Springs, Colorado, who currently resides at 7293 Dove Valley Place, Colorado Springs, Colorado. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alexis Crockett has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

112.    Plaintiff Randy Nickell is a resident of Fountain, Colorado, who currently owns and resides at 621 Autumn Place, Fountain, Colorado 80817. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Randy Nickell has

elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

113.     Plaintiff Kathryn Nickell is a resident of Fountain, Colorado, who currently owns and resides at 621 Autumn Place, Fountain, Colorado 80817. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kathryn Nickell has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

114.     Plaintiff Jillian Donahue, individually and as parent and natural guardian of C.D. and M.D., at all relevant times hereto, was a citizen of the State of Colorado residing at 613 Stubble Field, Fountain, Colorado 80817. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jillian Donahue, C.D., and M.D. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Danny Rodriguez has been diagnosed with High Cholesterol. The Plaintiff currently resides at 9445 Brisco Court, Fountain, Colorado 80817. The minor child, C.D. and M.D. are residents of Fountain, Colorado.

115.     Plaintiff Jeanette Roberts, individually and as parent and natural guardian of C.R. and L.R., is a resident of Colorado Springs, Colorado, who currently owns and resides at 7066 Ketchum Drive, Colorado Springs, Colorado, 80911. The minor children C.R. and L.R. are residents of Colorado Springs, Colorado. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jeanette Roberts, C.R., and L.R., have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

116.    Plaintiff Thomas Roberts is a resident of Colorado Springs, Colorado, who currently owns and resides at 7066 Ketchum Drive, Colorado Springs, Colorado, 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Thomas Roberts has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

117.    Plaintiff Charlene Perkins is a resident of Colorado Springs, Colorado, who currently owns and resides at 4142 Shelbe Court, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Charlene Perkins has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

118.    Plaintiff Mark Perkins is a resident of Colorado Springs, Colorado, who currently owns and resides at 4142 Shelbe Court, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark Perkins has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

119.    Plaintiff Xavier Perkins is a resident of Colorado Springs, Colorado, who currently resides at 4142 Shelbe Court, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Charlene Perkins has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

120.     Plaintiff Terry Cruikshank is a resident of Fountain, Colorado, who currently resides at 2260 Conley Boulevard, Fountain, Colorado 80817. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Terry Cruikshank has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

121.     Plaintiff Phyllis Cruikshank, individually and as parent and natural guardian of A.S., is a resident of Fountain, Colorado, who currently owns and resides at 2260 Conley Boulevard, Fountain, Colorado 80817. The minor child A.S. is a resident of Fountain, CO.  As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Phyllis Cruikshank and A.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. Plaintiffs currently reside in or resided in El Paso County, Colorado.

122.     Plaintiff Patti Weekley at all relevant times hereto, was a citizen of the State of Colorado residing at 2260 Conley Boulevard, Fountain, Colorado 80817.  As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 2260 Conley Boulevard, Fountain, Colorado 80817, Patti Weekley has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood and has been diagnoses with Ulcerative Colitis. Plaintiff currently resides at 1408 East Main Street, Colorado Springs, Colorado 80911.

123.     Plaintiff Richard Bucklew is a resident of Fountain, Colorado, who currently resides at 2260 Conley Boulevard, Fountain, Colorado 80817. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Richard Bucklew

has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

124.    Plaintiff Joshua Warne is a resident of Colorado Springs, Colorado, who currently resides at 10204 Deer Meadows Circle, Colorado Springs, Colorado 80925. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joshua Warne has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

125.    Plaintiff Troy Warne is a resident of Colorado Springs, Colorado, who currently resides at 10204 Deer Meadows Circle, Colorado Springs, Colorado 80925. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Troy Warne has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

126.    Plaintiff Michael Dunz is a resident of Colorado Springs, Colorado, who currently resides at 620 Brundidge Court, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Dunz has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

127.    Plaintiff Charla Pino, individually and as parent and natural guardian of D.A., J.A., and M.A., is a resident of Colorado Springs, Colorado, who currently resides at 703 DelBrooke Drive, Colorado Springs, Colorado. The minor children, D.A., J.A., and M.A., are residents of Colorado Springs, Colorado.  As a result of their exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Charla Pino, D.A., J.A., and M.A. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

128.    Plaintiff Damon Thayer is a resident of Colorado Springs, Colorado, who currently resides at 703 DelBrooke Drive, Colorado Springs, Colorado. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Damon Thayer has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

129.    Plaintiff Nicole Bachman, as parent and natural guardian of A.B., is a resident of Security, Colorado, who currently resides at 514 Norman Drive, Security, Colorado 80911. The minor child A.B. is a resident of Security, CO.  As a result of A.B.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, A.B. has elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

130.    Plaintiff Amanda Bainbridge, as parent and natural guardian of Z.C., is a resident of Colorado Springs, Colorado, who currently resides at 2265 Willow Tree Grove, Apt. 105, Colorado Springs, Colorado 80910. The minor child Z.C. is a resident of Colorado Springs, Colorado.  As a result of Z.C.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Z.C. has elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

131.    Plaintiff Lisa Daigneault is a resident of Fountain, Colorado, who currently resides at 9305 Bar-B Road, Fountain, Colorado 80817. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lisa Daigneault has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood and has been diagnosed with Thyroid Problems; High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

132.    Plaintiff Brian Gable is a resident of Colorado Springs, Colorado, who currently resides at 1209 Main Street, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brian Gable has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

133.    Plaintiff Brady McPeak is a resident of Security, Colorado, who currently resides at 540 Upton Drive, Security, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brady McPeak has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

134.    Plaintiff Dale Marshall is a resident of Fountain, Colorado, who currently resides at 637 Harvest Field Way, Fountain, Colorado 80817. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dale Marshall has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

135.    Plaintiff Andrea Strang at all relevant times hereto, was a citizen of the State of Colorado residing at 7865 Wilson Road, Fountain, Colorado 80817.  As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 7865 Wilson Road, Fountain, Colorado 80817, Andrea Strang has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. Plaintiff currently resides at 305 Keystone Street, Herndon, Kansas 67739.

136.    Plaintiff Stephen Otte at all relevant times hereto, was a citizen of the State of Colorado residing at 141 Leta Drive, Security, Colorado 80911.  As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 141 Leta Drive, Security, Colorado 80911, Stephen Otto has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. Plaintiff currently resides at 3636 Fletcher Street, Loveland, Colorado 80538.

137.    Plaintiff Dana Otte at all relevant times hereto, was a citizen of the State of Colorado residing at 141 Leta Drive, Security, Colorado 80911.  As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 141 Leta Drive, Security, Colorado 80911, Dana Otto has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. Plaintiff currently resides at 3636 Fletcher Street, Loveland, Colorado 80538.

138.    Plaintiff Lisa Prindle, individually and as parent and natural guardian of M.P., is a resident of Fountain, Colorado, who currently resides at 7070 Loveland Terrace, Fountain, Colorado 80817.The minor child M.P. is a resident of Fountain, Colorado. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lisa

Prindle and M.P. have elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

139.    Plaintiff Mark Arnette is a resident of Fountain, Colorado, who currently resides at 6608 Provincial Drive, Fountain, Colorado 80817. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark Arnette has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

140.    Plaintiff Anthony Rowley is a resident of Colorado Springs, Colorado, who currently resides at 335 Tinkam Court, Security, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply Athony Rowley have elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

141.    Plaintiff Randall Prindle is a resident of Fountain, Colorado, who currently resides at 7070 Loveland Terrace, Fountain, Colorado 80817. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Randall Prindle has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

142.    Plaintiff Nancy Portillo, individually and as parent and natural guardian of A.M., M.P., and K.P., is a resident of Colorado Springs, Colorado, who currently owns and resides at 426 Niagara Street, Colorado Springs, Colorado 80911. The minor children are residents of Colorado Springs, Colorado.  As a result of their exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Nancy Portillo, A.M., M.P., and K.P have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

143.    Plaintiff Jeffery Roberts is a resident of Colorado Springs, Colorado, who currently resides at 3766 Tail Wind Drive, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jeffery Roberts has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

144.    Plaintiff Milton Portillo is a resident of Colorado Springs, Colorado, who currently resides at 426 Niagara Street, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Milton Portillo has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

145.    Plaintiff Victor Cruz Jr. is a resident of Colorado Springs, Colorado, who currently resides at 1078 Palacio View, Apt. 104, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Milton Portillo has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

146.    Plaintiff Juanita Gamble is a resident of Colorado Springs, Colorado, who currently resides at 7515 Silverdale Street, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Juanita

Gamble has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

147.    Plaintiff Jennifer Vien is a resident of Colorado Springs, Colorado, who currently resides at 7390 Julynn Road, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jennifer Vien has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

148.    Plaintiff Elizabeth Brown is a resident of Colorado Springs, Colorado, who currently resides at 6670 Goldfield Drive, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elizabeth Brown has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

149.    Plaintiff Gary Brown is a resident of Colorado Springs, Colorado, who currently resides at 6670 Goldfield Drive, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gary Brown has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

150.    Plaintiff Roy Miller is a resident of Colorado Springs, Colorado, who currently resides at 669 Dexter Street, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Roy Miller has

elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

151.    Plaintiff Kelii Apo is a resident of Colorado Springs, Colorado, who currently resides at 6015 Fence Post Drive, Colorado Springs, Colorado 80919. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kelii Apo has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

152.    Plaintiff Lashele Warren, individually and as parent and natural guardian of A.M.W. and B.M.W., is a resident of Colorado Springs, Colorado, who currently resides at 163 Kilgore Street, Colorado Springs, Colorado 80911. The minor children A.M.W. and B.M.W. are residents of Colorado Springs, Colorado.  As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lashele Warren, A.M.W. and B.M.W. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

153.    Plaintiff Kevin Morris, individually and as parent and natural guardian of T.M.1, T.M.2, T.M.3, and T.H., is a resident of Colorado Springs, Colorado, who currently resides at 7444 Farmcrest Road, Colorado Springs, Colorado. The minor children T.M.1, T.M.2, T.M.3, and T.H. are residents of Colorado Springs, Colorado.  As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kevin Morris, T.M.1, T.M.2, T.M.3, and T.H. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

154. Plaintiff Bridgette Hernandez at all relevant times hereto, was a citizen of the State of Colorado residing at 6971 Burrow Back Avenue, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 6971 Burrow Back Avenue, Colorado Springs, Colorado 80911, Bridgette Hernandez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. Plaintiff currently resides at 8221 Northwest 28th Terrace, Bethany, Oklahoma 73008.

155. Plaintiff Debbie Haberkom is a resident of Colorado Springs, Colorado, who currently resides at 6920 Goldfield Drive, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Debbie Haberkom has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

156. Plaintiff Misty Sabo, individually and as parent and natural guardian of D.S., S.S., and T.S., is a resident of Colorado Springs, Colorado, who currently resides at 4508 Excursion Drive, Colorado Springs, Colorado 80911. The minor child is a resident of Colorado Springs, Colorado. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Misty Sabo, D.S.1, D.S.2, S.S., and T.S., have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

157. Plaintiff Pascuala Abalos is a resident of Fountain, Colorado, who currently resides at 6962 Creekfront Drive, Fountain, Colorado 80817. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Pascuala Abalos has elevated

levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

158.    Plaintiff Eldon Thomas, individually and as parent and natural guardian of E.T. and A.T., is a resident of Colorado Springs, Colorado, who currently resides at 519 Harvard Street, Colorado Springs, Colorado 80911. The minor child is a resident of Colorado Springs, Colorado. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Eldon Thomas, E.T., and A.T. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

159.    Plaintiff Pier Keefer is a resident of Colorado Springs, Colorado, who currently owns and resides at 305 Holly Circle, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Pier Keefer has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

160.    Plaintiff Jessica Thomas is a resident of Colorado Springs, Colorado, who currently resides at 519 Harvard Street, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jessica Thomas has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

161.    Plaintiff Kristina Robertson is a resident of Colorado Springs, Colorado, who currently resides at 5750 Snow Creek Point, Apt. 301, Colorado Springs, Colorado 80915. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water

43

supply Kristina Robertson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

162.    Plaintiff Sheri Jordan is a resident of Colorado Springs, Colorado, who currently resides at 417 Chetfield Drive, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sheri Jordan has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

163.    Plaintiff Tiffany Ward at all relevant times hereto, was a citizen of the State of Colorado residing at 5396 Marabou Way, Colorado Springs, Colorado 80911.  As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 5396 Marabou Way, Colorado Springs, Colorado 80911, Tiffany Ward has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. Plaintiff currently resides at 3071 Williams Road, Apt. 347, Columbus, Georgia 31909.

164.    Plaintiff Bryan Ward at all relevant times hereto, was a citizen of the State of Colorado residing at 5396 Marabou Way, Colorado Springs, Colorado 80911.  As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 5396 Marabou Way, Colorado Springs, Colorado 80911, Bryan Ward has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. Plaintiff currently resides at 3071 Williams Road, Apt. 347, Columbus, Georgia 31909.

165.    Plaintiff Miriam Roth Ballard individually and as parent and natural guardian of Q.B. and R.B., is a resident of Colorado Springs, Colorado, who currently resides at 124 Harvard

Street. The minor children, Q.B. and R.B, are residents of Colorado Springs, Colorado. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Miriam Roth Ballard, Q.B., and R.B. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

166.     Plaintiff Michelle Neal at all relevant times hereto, was a citizen of the State of Colorado residing at 6927 Cattleman's Trail, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 6927 Cattleman's Trail, Colorado Springs, Colorado 80911, Michelle Neal has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. Plaintiff currently resides at 1407 Claremont Avenue, Pueblo, Colorado 81004.

167.     Plaintiff Lois McLeod is a resident of Colorado Springs, Colorado, who currently resides at 1320 Prairie Road, Colorado Springs, Colorado 80909. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lois McLeod has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

168.     Plaintiff Kelly Frederick is a resident of Colorado Springs, Colorado, who currently resides at 152 Fordham Street, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kelly Frederick has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

45

169.    Plaintiff Steven Rollins at all relevant times hereto, was a citizen of the State of Colorado residing at 42 Landoe Lane, Colorado Springs, Colorado 80911.  As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 42 Landoe Lane, Colorado Springs, Colorado 80911, Steven Rollins has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. Plaintiff currently resides at 395 East Allen Street, Apt. 22, Castle Rock, Colorado 80108.

170.    Plaintiff Veronica Rivera is a resident of Fountain, Colorado, who currently resides at 5795 Southmoor Drive, Lot #4, Fountain, Colorado 80817. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Veronica Rivera has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

171.    Plaintiff James Haberkom is a resident of Colorado Springs, Colorado, who currently resides at 6920 Goldfield Drive, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Haberkom has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

172.    Plaintiff Lydia Neal is a resident of Colorado Springs, Colorado, who currently resides at 6927 Cattlemans Trail, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lydia Neal has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

173.   Plaintiff Larry Neal is a resident of Colorado Springs, Colorado, who currently resides at 6927 Cattlemans Trail, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Larry Neal has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

174.   Plaintiff Trina Larson is a resident of Fountain, Colorado, who currently resides at 930 Square Dance Lane, Fountain, Colorado 80817. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Trina Larson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

175.   Plaintiff Christine Flores is a resident of Fountain, Colorado, who currently resides at 533 Blossom Field Road, Fountain, Colorado 80817. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christine Flores has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

176.   Plaintiff Susan Payment is a resident of Colorado Springs, Colorado, who currently resides at 375 Dix Circle, Colorado Springs, Colroado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Susan Payment has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

177.    Plaintiff Patricia Hiser is a resident of Colorado Springs, Colorado, who currently resides at 9356 Summer Meadows Drive, Colorado Springs, Colorado 80925. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patricia Hiser has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

178.    Plaintiff Kenneth Hiser is a resident of Colorado Springs, Colorado, who currently resides at 9356 Summer Meadows Drive, Colorado Springs, Colorado 80925. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kenneth Hiser has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

179.    Plaintiff Michael Lenoard is a resident of Colorado Springs, Colorado, who currently resides at 1075 Crandall Drive, Colorado Springs, Colroado 90811. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Lenoard has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

180.    Plaintiff Lisa Wilson, individually and as parent and natural guardian of L.W., G.P., and M.W., is a resident of Fountain, Colorado, who currently resides at 7735 Whipple Place, Fountain, Colorado 80817. The minor children L.W., G.P., and M.W. are residents of Fountain, Colorado.  As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lisa Wilson, L.W., G.P., and M.W have elevated levels of PFOA, PFOS,

48

and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

181.    Plaintiff David Larson is a resident of Fountain, Colorado, who currently resides at 930 Square Dance Lane, Fountain, Colorado 80817. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David Larson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

182.    Plaintiff Hailey Brouse is a resident of Colorado Springs, Colorado, who currently resides at 9442 Pierrepont, Colorado Springs, Colorado 80924. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Hailey Brouse has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

183.    Plaintiff Orren Westcott is a resident of Fountain, Colorado, who currently resides at 438 Hadley Street, Fountain, Colorado 80817. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Orren Westcott has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

184.    Plaintiff Cheryl Almeida is a resident of Fountain, Colorado, who currently resides at 438 Hadley Street, Fountain, Colorado 80817. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cheryl Almeida has elevated

levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

185.    Plaintiff Amy Christensen is a resident of Colorado Springs, Colorado, who currently resides at 5955 Kittery Drive, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amy Christensen has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

186.    Plaintiff Brandon Christensen is a resident of Colorado Springs, Colorado, who currently resides at 5955 Kittery Drive, Colorado Springs, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brandon Christensen has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

187.    Plaintiff Jaqueline Pena Holguin is a resident of Security, Colorado, who currently resides at 4070 Chenango Drive, Security, Colorado 80911. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jaqueline Pena Holguin has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

## Defendants

188.    When reference is made in this Complaint to any act or omission of any of the Defendants, it shall be deemed that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or

50

properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendants, and did so while acting within the scope of their duties, employment or agency.

249.    The term "Defendant" or "Defendants" refers to all Defendants named herein jointly and severally.

250.    Upon information and belief, each of the Defendants are responsible, negligently, intentionally, and/or in some actionable manner, for the events and happenings referred to herein, and caused and continue to cause injuries and damages legally thereby to Plaintiffs, as alleged, either through each Defendant's own conduct or through the conduct of their agents, servants, or employees, or due to the ownership, maintenance, or control of the instrumentality causing them injury, or in some other actionable manner.

251.    Defendant THE 3M COMPANY ("3M") is, upon information and belief, an American multinational corporation based in Maplewood, Minnesota and incorporated in Delaware. 3M was founded in 1902 as the Minnesota Mining and Manufacturing Company. With approximately $30 billion in annual net sales, 3M employs approximately 90,000 people, operates in approximately 70 countries, and produces more than 55,000 products. 3M does business throughout the United States, including in the state of Colorado.

252.    3M designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations.

253.    3M is engaged in substantial and not isolated activity in this State; all as more fully alleged herein.

254.    Defendant TYCO FIRE PRODUCTS L.P., successor in interest to THE ANSUL COMPANY ("TYCO"), is a Delaware corporation having a principal place of business at One Stanton Street, Marinette, Wisconsin 54143. TYCO manufactured and currently manufactures the ANSUL brand of products, including ANSUL brand AFFF.

255.    Defendant TYCO was incorporated as a limited partnership on December 15, 2000. The name and mailing address of the sole general partner is Fire Products GP Holding, Inc.  Fire Products GP Holding, Inc., is a New Jersey corporation having its principal place of business at 9 Roszel Road, Princeton, NJ 08540.

256.    Upon information and belief, Defendant TYCO is the successor in interest to the corporation formerly known as THE ANSUL COMPANY ("ANSUL"). This Complaint shall collectively refer to ANSUL and/or TYCO as the successor in interest to ANSUL as "TYCO/ANSUL." At all times relevant, TYCO/ANSUL designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations.

257.    Defendant BUCKEYE FIRE EQUIPMENT COMPANY ("BUCKEYE") is a North Carolina corporation with its principal place of business at 110 Kings Road, Mountain, North Carolina 28086.

258.    At all times relevant to the present litigation, BUCKEYE designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

259.    Defendant CHEMGUARD is a Wisconsin corporation having its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

260.    At all times relevant to the present litigation, CHEMGUARD designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

261.    Defendant NATIONAL FOAM, INC. ("NATIONAL FOAM") is a Delaware corporation having a principal place of business at 350 East Union Street, West Chester, Pennsylvania 19382. At all times relevant, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

262.    Defendant KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., is a North Carolina corporation having a principal place of business at 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615. At all times relevant, KIDDE FIRE FIGHTING, INC. designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

263.    KIDDE FIRE FIGHTING, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

264.    KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., is a Connecticut corporation having a principal place of business at One Carrier Place, Farmington, Connecticut 06302. At all times relevant, KIDDE PLC, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

265.    KIDDE PLC, INC., is sued individually, as a successor in interest to NATIONAL FOAM, INC.

266.     Upon information and belief, WILLIAMS HOLDINGS, INC. was incorporated on October 10, 1987, and later dissolved on December 31, 1990. Upon information and belief, John F. Hannon was the CEO and Secretary of WILLIAMS HOLDINGS, INC. At all times relevant, WILLIAMS HOLDINGS, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

267.     Upon information and belief, WILLIAMS CORPORATION was founded in 1997, and dissolved on October 26, 2000. Upon information and belief, John F. Hannon was the CEO of Williams Corporation, as well as the Treasurer of KIDDE FIRE FIGHTING, INC. prior to the dissolution of Williams Corporation.

268.     Upon information and belief, WILLIAMS HOLDINGS, INC., a Delaware corporation, filed as a foreign corporation with the Massachusetts Secretary of State on June 2, 1987.

269.     Upon information and belief, John F. Hannon changed the name of WILLIAMS HOLDINGS, INC. to WILLIAMS HOLDINGS US, INC., on February 12, 1998.

270.     Upon information and belief, WILLIAMS HOLDINGS US, INC. became KIDDE PLC, INC. on November 15, 2000.

271.     WILLIAMS HOLDINGS, INC. is named as successor in interest to NATIONAL FOAM, INC.

272.     KIDDE-FENWAL, INC. is a Massachusetts corporation with its principal place of business at 400 Main Street, Ashland, Massachusetts 01721. At all times relevant, KIDDE-

FENWAL, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

273.    Upon information and belief, Fenwal, Inc. was incorporated on June 21, 1988, and later changed its name to KIDDE-FENWAL, INC.

274.    Upon information and belief, the Canadian Intellectual Property Office has registered the NATIONAL FOAM trademark to KIDDE-FENWAL, INC., formerly registered to KIDDE FIRE FIGHTING, INC.

275.    KIDDE-FENWAL, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

276.    UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC., is a North Carolina corporation with its principal place of business at 3211 Progress Drive, Lincolnton, North Carolina 28092. At all times relevant, UTC FIRE & SECURITY AMERICAS CORPORATION, INC. designed, manufactured and sold AFFF used for training operations and fighting fires including at PAFB.

277.    Upon information and belief, KIDDE-FENWAL, INC. is part of the UTC CLIMATE CONTROL & SECURITY unit of United Technologies Corporation.

278.    UTC FIRE & SECURITY AMERICAS CORPORATION, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

279.    NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a

WILLIAMS HOLDINGS, INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as successor in interest to NATIONAL FOAM, INC.; UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; shall collectively be referred to herein as "NATIONAL FOAM."

280.    At all times relevant to the present litigation, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

## FACTUAL ALLEGATIONS AS TO ALL COUNTS

281.    AFFF is a Class-B fire-fighting foam that is mixed with water and used to extinguish fires that are difficult to fight, including those involving hydrocarbon fuels such as petroleum or other flammable liquids.

282.    AFFF is synthetically formed by combining fluorine free hydrocarbon foaming agents with surfactants. When mixed with water, the resulting solution produces an aqueous film that spreads across the surface of hydrocarbon fuel. This film provides fire extinguishment and is the source of the designation "aqueous film forming foam."

283.    AFFF has the presence of fluorinated surfactants that lower the water's surface tension, essentially smothering the fire and starving it of its oxygen.

284.    Some fluorinated surfactants have unique properties that cause some of the compounds to persist in the environment and toxically bioaccumulate in animals and humans.

285.    AFFF was introduced commercially in the mid-1960s and rapidly became the primary fire-fighting foam in the United States and in many parts of the world.

56

286.    Defendants 3M, TYCO/ANSUL, NATIONAL FOAM, CHEMGUARD and BUCKEYE designed, manufactured, and sold AFFF that was used at the PAFB.

287.    The United States Navy first used AFFF in 1963, with the USAF commencing its use of AFFF in 1970.

288.    In the foam industry, concentrates are typically referred to as "3%" or "6%" concentrate, depending on the mixture rate with water. AFFF concentrates contain about 60-90% water and have a fluorine content of about 0.3-1.8%.

289.    The USAF uses 3% AFFF for its installations.

290.    Fluorosurfactants used in 3M's AFFF were produced by a unique and patented process known as electrochemical fluorination ("ECF"). The ECF process resulted in a product that contains PFOS, some of which degrades into PFOA.

291.    3M was the only company to manufacture PFOS-containing AFFF.

292.    In an attempt to limit liability, 3M opted to stop producing PFOS in 2002 because it was aware of the widespread contamination and the health effects on the American public associated with exposure to the contamination.

293.    Like PFOS, PFOA is a man-made, manufactured chemical not found in nature. PFOA was used to make household and commercial products that resist heat and chemical reactions, and can be used to repel oil, stains, grease, and water.

294.    In 1947, 3M began producing PFOA via ECF.

295.    In 1951, 3M began selling its PFOA to other chemical companies, including DuPont.

296.    Other companies, including Defendants TYCO/ANSUL, BUCKEYE, NATIONAL FOAM, and CHEMGUARD, began manufacturing AFFF using PFOA that they produced themselves or purchased from other companies. Defendants then sold AFFF to the USAF for use at installations across the nation, including PAFB.

297.    The chemical structure of PFOA and PFOS make them resistant to breakdown or environmental degradation. As a result, they are persistent when released into the environment.

298.    PFOA and PFOS have been found to bioaccumulate in humans and animals. In 2005, the United States Department of Health and Human Services found that "human exposure to PFOA and PFOS lead to the buildup of these chemicals in the body."

299.    By the early 1960s, 3M knew that PFOS and PFOA were stable, persistent in the environment, and did not degrade.

300.    As a result of this persistence, PFOA can remain in the environment, particularly in water, for many years and can move through air, soil, and into groundwater.

301.    Early studies showed that PFCs accumulated in the human body and were toxic.

302.    3M studies from the 1970s concluded that PFCs were "even more toxic" than previously believed.

303.    3M knew that PFOA is readily absorbed after consumption or inhalation, and it accumulates primarily in the blood stream, kidney, and liver.

304.    Upon information and belief, by the 1970s, 3M knew that PFOA and PFOS were widely present in the blood of the general U.S. population. Upon information and belief, 3M

concealed this knowledge from the public and government regulators, including those officials responsible for buying and supplying PAFB with AFFF.

305. In or about 1977, TYCO/ANSUL was also aware of the environmental and toxic effects of AFFF and studied whether it could develop an AFFF that produced less of an environmental impact.

306. Because of PFOA's toxicity, eight major PFOA manufacturers agreed in 2006 to participate in the USEPA's PFOA Stewardship Program. The participating companies made voluntary commitments to reduce product content and facility emissions of PFOA and related chemicals by 95% no later than 2010.

307. Human studies show associations between increased PFOA levels in blood and an increased risk of developing numerous serious medical conditions, including high cholesterol levels, changes in thyroid hormone, ulcerative colitis (autoimmune disease), pre-eclampsia (a complication of pregnancy that includes high blood pressure), and kidney and testicular cancer.

308. These injuries can arise months or years after exposure to PFOA.

309. As alleged herein, the adverse health effects observed following exposure to PFOS are the same as those observed with PFOA, meaning injuries associated with PFOS exposure and accumulation similarly manifest themselves months or years after the initial exposure.

310. Given the extreme persistence of PFOS and PFOA in the environment, these chemicals' toxicity, mobility, and bioaccumulation potential has created an ongoing and concrete threat to the health of the residents in the Communities.

**AFFF Usage at Peterson Air Force Base and the Colorado Springs Municipal Airport.**

311.    Upon information and belief, Defendants each manufactured AFFF containing PFCs for sale to the DOD or the USAF with knowledge that AFFF would be used in training operations and for emergency fire-fighting situations.

312.    Upon information and belief, Defendants' AFFF products were sold to and used at PAFB.

313.    At any given time, the Defendants were responsible for the design, manufacture, and sale of thousands of gallons of AFFF concentrate used and stored at PAFB.

314.    The AFFF was expected to and did reach PAFB without substantial change in the condition in which the Defendants sold it.

315.    For decades, USAF personnel used AFFF designed, manufactured, and sold by each of the Defendants for training operations at the PAFB, including fire-fighting and explosion training.

316.    Due to these training operations, AFFF was released into the surrounding air, soil, and groundwater at locations including but not limited to the current fire training area ("FTA") (1991 to date), the former FTA known as Site 5 (1960 through 1977), and the former FTA known as Site 8 (1977 to 1991).

317.    AFFF was additionally introduced into the groundwater via aircraft hangers containing fire suppression systems that used AFFF. During function testing or false alarms, AFFF was permitted to enter the air, soil, and groundwater, further contaminating Plaintiffs' drinking water.

318.    At PAFB, two fire stations conduct spray testing with AFFF, releasing AFFF into the soil, air, and groundwater.

319.    In November 2016, the U.S. Army Corps of Engineers published "Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base," a report that confirmed the use of AFFF at PAFB and identified fire training areas at PAFB as possible sources of PFC contamination of the Communities' groundwater supply.

320.    As a direct and proximate result of the failure to warn the USAF, PAFB, or the surrounding Communities, including those most sensitive to contamination, AFFF and its constituents were permitted to enter the air, soil, and groundwater, ultimately entering the Plaintiffs' bodies and properties.

321.    Upon information and belief, instructions, warning labels, and material safety data sheets that Defendants provided with the AFFF did not reasonably nor adequately describe the health and environmental hazards of AFFF that Defendants knew or should have known.

### AFFF Containing PFOA and PFOS is Fungible and Commingled in the Groundwater

322.    Once AFFF containing PFOA and PFOS has been released into the environment, it lacks characteristics that would otherwise enable the identification of the company that manufactured that particular batch of AFFF.

323.    Decades of manufacturing, selling, and distributing AFFF has created complex and opaque arrangements whereby Defendants regularly contract with multiple entities, including the DOD, the USAF, specific installations, and/or third-party logistic intermediaries, to sell and deliver AFFF to bases throughout the country, including to PAFB.

324.    A subsurface plume, even if it comes from a single location, such as a retention pond or fire training area, originates from mixed batches of AFFF coming from different manufacturers.

325.    At PAFB, AFFF from different manufacturers was used at multiple training sites over the course of many years, rendering it impossible for investigators to identify with any certainty the exact AFFF product that produced the PFOA or PFOS at issue.

326.    Even if investigators could track the source of a subsurface plume to a single location at PAFB, it would be impossible to identify how an individual Defendants' AFFF contributed to the contamination because of how AFFF was used, stored, and disposed of at those locations.

327.    The case at PAFB is typical of PFOA and PFOS contamination cases generally: even though several areas were located at PAFB where the AFFF was used and entered the groundwater, neither the federal or state investigators could determine which manufacturers' AFFF containing PFOA and PFOS had contributed to the resulting groundwater contamination plume.

328.    PFOA and PFOS are present in all Defendants' AFFF products.

329.    Because precise identification of the manufacturer of the specific AFFF that was the source of PFOA and PFOS found in a Plaintiff's blood and groundwater is impossible, and the market for AFFF is ascertainable, Plaintiffs must pursue all Defendants, jointly and severally, for those indivisible injuries which Defendants have collectively visited upon Plaintiffs.

330.     Defendants are also jointly and severally liable because they conspired to conceal the true toxic nature of PFOA and PFOS, to profit from the use of AFFF containing PFOA and PFOS, at Plaintiffs' expense, to contaminate Plaintiffs' drinking water supply, and to attempt to avoid liability for such contamination of the groundwater and poisoning of the Plaintiffs.

### MARKET SHARE LIABILITY, ALTERNATIVE LIABILITY, CONCERT OF ACTION, ENTERPRISE LIABILITY

331.     Upon information and belief, Defendants in this action are manufacturers that control a substantial share of the market for AFFF containing PFOA and PFOS in the United States and are jointly responsible for the contamination of the groundwater in the Communities and for causing the damages and injuries complained of in this Complaint.

332.     Each of these Defendants participated in a state-wide and national market for AFFF containing PFOA and/or PFOS during the relevant time.

333.     Market share liability attaches to all Defendants and the liability of each should be assigned according to each Defendant's percentage share of the market for AFFF-containing PFOA and/or PFOS at issue in this Complaint. As alleged in paragraphs 155-163, PFOA and PFOS is fungible; it is impossible to identify the exact Defendant who manufactured the particular AFFF containing PFOA and/or PFOS that has contaminated the air, soil or groundwater.

334.     The relevant product and geographic market can be defined in this instance because the market for AFFF consists of only one buyer, PAFB via the USAF, who used this product for only one purpose, to fight fires.

335.     The market for AFFF is ascertainable through standard discovery means.

336.    It would be unfair to require Plaintiffs to bear the entire cost of their injuries simply because it is inherently impossible for the Plaintiffs to identify the exact Defendant that has manufactured the product that has contaminated the water supply and gives rise the injuries complained of in this action.

337.    Alternatively, as a result of Defendants' participation in the fire-fighting foam industry through the production, sale, and distribution of AFFF containing PFOA and PFOS, enterprise liability attaches to all of the named Defendants for casting defective products into the stream of commerce.

## <u>CONSPIRACY</u>

338.    Defendants actually knew of the health and environmental hazards which PFOA and PFOS posed to Plaintiffs.

339.    Beginning in the 1970s and continuing through the date of this Complaint, Defendants formed joint task forces, committees and otherwise colluded for the avowed purpose of providing information about AFFF-containing PFOA and/or PFOS to the public and to government agencies with the unlawful purpose of:

a.    Creating a market for AFFF-containing PFOA and/or PFOS despite knowledge of the hazards which PFOA and PFOS posed to the groundwater in Colorado and the residents who depend on such water;

b.    Concealing the environmental properties and toxic nature of PFOA and PFOS, and its impact on Plaintiffs and the environment; and

c.   Maximizing profits in a way Defendants knew or should have known would result in the contamination of Plaintiffs' drinking water.

d.   Defendants carried out their conspiracy by one or more of the following overt acts or omissions:

e.   Intentionally representing to the DOD, USAF, USEPA and the public that AFFF containing PFOA and PFOS was safe and did not pose an environmental or human health risk;

f.   Concealing the dangers of PFOA and PFOS (including toxicological information on the dangers of the chemicals to living organisms, adverse fate and transport characteristics, and the propensity of PFOA and PFOS to contaminate groundwater) from the government and the public by, among other means, repeatedly requesting that information about the dangers and health effects of PFOA and PFOS be suppressed and not otherwise published, and by downplaying any adverse findings relating to PFOA and PFOS;

g.   Concealing the dangers of AFFF containing PFOA and PFOS from end users, sensitive receptors, public water suppliers, and the users and consumers of groundwater;

h.   Using their considerable resources to fight PFOA and PFOS regulation; and

i.   Collectively deciding to use PFOA and/or PFOS rather than other, safer surfactants because AFFF-containing PFOA and/or PFOS were the most profitable surfactant for Defendants to use.

340.    As a direct and proximate result of the Defendants' above described conspiracy, PFOA and PFOS, at all times relevant to this litigation has:

a.  Posed and continues to pose a health threat to Plaintiffs because it has bioaccumulated in their bodies;

b.  Contaminated Plaintiffs' property, soil, and groundwater, for those with private water wells;

c.  Created the need for remediation of PFOA- and PFOS- contaminated groundwater for those property owners who utilize private water wells, or, where remediation of the groundwater is impractical, installation of a system to filter out PFOA and PFOS or procurement of water from alternative sources; and

## CAUSES OF ACTION FOR INDIVIDUAL CLAIMS
## AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE

341.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

342.    This cause of action is brought pursuant to Colorado law.

343.    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health.

344.    Given that Defendants were aware of these chemicals' potential for bioaccumulation in humans as well as the links to numerous serious medical conditions, including cancer, Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would be hazardous to human health.

345.    Defendants knew or should have known that PFCs are highly soluble in water, highly mobile, extremely persistent in the environment, and therefore high likely to contaminate water supplies if released into the environment.

346.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of the Communities given their proximity to PAFB.

347.    Defendants marketed and sold their products with knowledge that AFFF containing PFCs would be used in training exercises and in emergency fire-fighting situations, including at PAFB, in such a manner that these dangerous chemicals would be released into the environment.

348.    Defendants marketed and sold their products with knowledge that AFFF containing toxic PFCs would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the environment.

349.    Knowing of the dangerous and hazardous properties of AFFF, and the manner in which AFFF would be used, stored, and maintained at PAFB, it was foreseeable that AFFF would contaminate the surrounding environment, groundwater, and drinking water supplies of Fountain, Security, and Widefield, as a result of the Communities' proximity to PAFB.

350.    Defendants therefore knew or should have known that safety precautions would be required to prevent the release of PFOA and PFOS into the surrounding groundwater and drinking water supplies.

351.    Given the foreseeability of AFFF's release into the surrounding Communities' drinking water, Defendants should have acted reasonably by not placing inherently dangerous AFFF into the marketplace.

352.    Though AFFF is effective at extinguishing otherwise difficult to fight fires, the potential for widespread and persistent contamination of municipal and private well water supplies with chemicals linked to the development of numerous serious medical conditions far outweighs any social utility gained from AFFF's fire-fighting ability.

353.    The magnitude of the burden on the Defendants to guard against this foreseeable harm to Plaintiffs was minimal, as the practical consequences of placing this burden on the Defendants amounted to providing adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

354.    As manufacturers, Defendants were in the best position to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

355.    Considering the factors related to risk, foreseeability, social utility, the burden of guarding against the harm, and the practical consequences of placing that burden on the Defendants, the Defendants therefore owed multiple cognizable duties to Plaintiffs.

356.    Defendants had a duty not to contaminate the Plaintiffs' municipal and private well drinking water supplies, as well as the surrounding environment and groundwater, with AFFF containing PFCs.

357.    Defendants had a duty to warn of the hazards associated with AFFF containing PFCs entering and poisoning the environment and groundwater.

358.    As manufacturers, marketers, and sellers of AFFF, Defendants owed Plaintiffs a duty to exercise reasonable care and ensure that AFFF was manufactured, marketed, and sold in such a way that the end users of AFFF were aware of the potential harm PFOA and PFOS could cause to human health and the environment.

359.    Upon learning of the release of the contaminants, Defendants owed Plaintiffs a duty to warn and notify Plaintiffs of the release of the contaminants before they injured Plaintiffs and their property and/or to act reasonably to minimize the damage to Plaintiffs and their property.

360.    As such, the Defendants, acting negligently, recklessly, willfully, wantonly, and/or intentionally, breached their legal duties to Plaintiffs, causing the contamination of the municipal and private well drinking water supplies in and around the residences of Plaintiffs.

361.    Defendants breached their duty to warn and notify end users of AFFF about the danger that PFOA and PFOS could enter into the environment and groundwater.

362.    Defendants breached their duty to warn by failing to notify Plaintiffs in a timely manner that PFOA and PFOS had contaminated the municipal and private well drinking water supplies.

363.    Defendants breached their duty not to contaminate the Plaintiffs' drinking water supplies by allowing PFOA and PFOS to be released into the municipal and private well drinking water supplies of Fountain, Security, and Widefield.

364.    Defendants breached their duties to act reasonably by failing to take reasonable, adequate, and sufficient steps or actions to eliminate, correct, or remedy any contamination after it occurred.

365.   Defendants' breaches of their duties were direct and proximate causes of the drinking water in both the municipal and private well supplies to become contaminated with unsafe and dangerous levels of PFOA and PFOS.

366.   Defendants' breaches of their duties were direct and proximate causes of the injuries, damages, and harm the Plaintiffs have suffered to their health and property.

367.   Defendants' breach of their duty to act reasonably and timely notify and warn the Communities of the presence of PFOA and PFOS in the groundwater directly and proximately prevented Plaintiffs from undertaking effective and immediate remedial measures.

368.   Plaintiffs have expended and/or will be required to expend significant financial resources to remediate the effects of Defendants' conduct on their homes and property for many years.

369.   Plaintiffs suffered foreseeable injuries and damages as a proximate result of Defendants' breach of their duties as set forth above. At the time Defendants breached their duties to Plaintiffs, Defendants' acts and/or failures to act posed recognizable and foreseeable possibilities of danger to Plaintiffs so apparent as to entitle them to be protected against such actions or inactions.

370.   Accordingly, Plaintiffs seek damages from Defendants, in an amount to be determined at trial, directly resulting from injuries to their persons and property, in a sufficient amount to compensate them for the injuries and losses sustained and to restore Plaintiffs to their original position, including but not limited to the cost of repair or restoration, the value of the use of the continuous trespass, injuries to persons, and actual, consequential, and nominal damages,

flowing from the negligence that are the natural and proximate result of Defendants conduct in an amount to be proved at trial.

## **AS AND FOR A SECOND CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – FAILURE TO WARN**

371.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

372.    This cause of action is brought pursuant to Colorado law.

373.    As commercial manufacturers, sellers, and distributors of AFFF, Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health and the environment.

374.     Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs was hazardous to human health and the environment.

375.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the Communities' municipal and private well water supplies as a result of the Communities' proximity to PAFB.

376.    AFFF's persistence, mobility, bioaccumulative potential, and PFOA's and PFOS' links to numerous serious medical conditions, are not open and obvious conditions.

377.    Though Defendants knew or should have known about the seriousness of the consequences of failing to warn about the inherent dangers associated with AFFF containing

PFOA and PFOS, Defendants failed to warn PAFB of the dangers inherent in the use of the product.

378.    Though Defendants knew or should have known about the reasonably foreseeable hazards to human health and welfare associated with the use of AFFF containing PFOA and PFOS in the vicinity of Plaintiffs' drinking water supplies, including contamination of public drinking water and private wells with PFOA and PFOS, Defendants failed to provide adequate warnings of, or take any precautionary measures to mitigate, those hazards.

379.    Defendants failed to provide sufficient warning that the use and storage of Defendants' product would cause the product to be released into the environment and cause the PFOA and PFOS contamination of the environment, groundwater, and drinking water.

380.    Adequate instructions and warnings on the AFFF products could have reduced or avoided these foreseeable risks of harm to Plaintiffs, and their properties.

381.    Had Defendants provided adequate warnings, Plaintiffs could have taken measures to avoid or lessen their exposure.

382.    Had Defendants provided adequate warnings, PAFB could have taken measures to reduce or prevent the release of PFOA and PFOS into the environment, groundwater, and drinking water.

383.    Defendants' failure to provide adequate and sufficient warnings for the AFFF that they manufactured, marketed, and sold renders the AFFF a defective product.

384. Defendants' failure to warn was a direct and proximate cause of the environmental and health impacts from PFOA and PFOS that came from the use, storage and disposal of AFFF at PAFB.

385. Defendants' failure to warn was the direct and proximate result of the contamination, leading to the need for and the cost of remediation of their properties and mitigation systems for those properties, and the cost of alterative water.

386. As a result of the contamination, Plaintiffs have lost use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

387. As a result of Defendants' conduct and the resulting contamination, Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has produced an increased level of PFOA and PFOS in their blood stream, leading to the bioaccumulation of PFOA and PFOS in their bodies and significantly increasing their risk of developing numerous serious medical conditions.

388. As a result of Defendants manufacture, sale, or distribution of a defective product, Defendants are strictly liable in damages to Plaintiffs.

389. Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## AS AND FOR A THIRD CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN

390. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

391.    This cause of action is brought pursuant to Colorado law.

392.    By virtue of manufacturing, marketing, and selling AFFF containing PFOA and PFOS, Defendants had a strict duty not to place an unreasonably dangerous product into the stream of commerce that would injure innocent bystanders in the Communities.

393.    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to the environment and to human health when it, or products containing it, were used in their foreseeable and intended manner.

394.    The chemical makeup of AFFF, PFOA, and PFOS underlying the product's hazardous characteristics involve the interpretation of technical, scientific information derived from research and testing.

395.    Knowing of the dangerous and hazardous properties of AFFF due to research and testing, Defendants could have manufactured, marketed, and sold alternative designs or formulations of AFFF that did not contain PFOA or PFOS.

396.    These alternative designs and/or formulations were already available, practical, and technologically feasible.

397.    The use of these alternative designs would have reduced or prevented the reasonably foreseeable harm to persons and property resulting from Defendants' manufacture, marketing, and sale of AFFF containing PFOA or PFOS.

398.    As manufacturers of AFFF, Defendants not only had the ability to alter the product in such a way that maintained the fire-fighting abilities of the product while eliminating its inherently unsafe character, but also were in the best position to do so.

399.    AFFF's persistence, mobility, bioaccumulative potential, and PFOA and PFOS' links to numerous serious medical conditions, are not open and obvious conditions or part of general public knowledge of AFFF.

400.    Therefore, even though AFFF is useful for fighting hard to fight fires, the inherent risks associated with its use far outweigh any fire-fighting benefits, thereby rendering AFFF unreasonably dangerous.

401.    The manufacture, sale, and distribution of unreasonably dangerous AFFF renders the Defendants' product defective.

402.    Defendants' defective design and formulation of AFFF is the direct and proximate cause of the environmental and health impacts from PFOA and PFOS.

403.    As a result of Defendants' defective design and formulation of AFFF, the resulting contamination, Plaintiffs have suffered the need for and the cost of remediation of their properties and/or mitigation systems for those properties, and the cost of alterative water.

404.    As a direct result of the contamination, Plaintiffs have lost the use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

405.    As a direct result of Defendants' defective design and formulation of AFFF, the Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has caused them to develop numerous serious medical conditions associated with this exposure as more fully described herein and has significantly increased their risk of developing those conditions.

406.     As a direct result of Defendants' design and formulation of a defective product, Defendants are strictly liable in damages to the Plaintiffs.

407.     Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## CLAIM FOR PUNITIVE DAMAGES

408.     Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

409.     Plaintiffs assert a claim for punitive damages under C.R.S. § 13-21-102.

410.     Upon information and belief, Defendants engaged in willful, wanton, malicious, and or/reckless conduct that was done without regard to the consequences or the safety of the Plaintiffs and caused the foregoing property damage, and injuries upon the persons and properties of Plaintiffs, disregarding their protected rights.

411.     Defendants' willful, wanton, malicious, and/or reckless conduct includes but is not limited to Defendants' failure to take all reasonable measures to ensure Plaintiffs in the Communities did not ingest PFOA and PFOS, which Defendants knew were linked to numerous serious medical conditions.

412.     Defendants have caused significant harm to Plaintiffs, including harm to the properties and water supplies of Plaintiffs and have demonstrated a conscious and outrageous disregard for their safety with implied malice, warranting the imposition of punitive damages.

## PRAYER FOR RELIEF

413.    WHEREFORE, the Plaintiffs demand judgment against Defendants, and each of them, jointly and severally, and request the following relief from the Court:

414.    a declaration that Defendants acted with negligence, gross negligence, and/or willful, wanton, and careless disregard for the health, safety, and property of Plaintiffs;

415.    an award to Plaintiffs of general, compensatory, exemplary, consequential, nominal, and punitive damages;

416.    an order for an award of attorneys' fees and costs, as provided by law;

417.    an award of pre-judgment and post-judgment interest as provided by law; and

418.    an order for all such other relief the Court deems just and proper.

## JURY DEMAND

419.    Plaintiffs demand a trial by jury of any and all issues in this matter so triable pursuant to Federal Rule of Civil Procedure 38(b).

Dated: May 25, 2018                           Respectfully Submitted,

**MCDIVITT LAW FIRM**

/s/ Michael McDivitt
Michael McDivitt
Kelly Hyman
19 East Cimarron Street
Colorado Springs, CO 80903
Telephone: (719) 471-3700
E-mail: mmcdivitt@mcdivittlaw.com
E-mail: khyman@mcdivittlaw.com

**NAPOLI SHKOLNIK, PLLC**

*/s/ Hunter J. Shkolnik*_____

Hunter Shkolnik
Paul J. Napoli
Louise Caro
Tate J. Kunkle
Patrick J. Lanciotti
360 Lexington Avenue, Eleventh Floor
New York, NY 10017
Telephone: (212) 397-1000
E-mail: pnapoli@napolilaw.com
E-mail: hunter@napolilaw.com
E-mail: lcaro@napolilaw.com
E-mail: tkunkle@napolilaw.com
E-mail: planciotti@napolilaw.com